# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | No. 3:07-cv-83 |
| ) | (Phillips) |
| **JOSEPH A. BUAIZ, JR.,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

This matter is before the court on the United States's Motion for Summary Judgment [Doc. 33] and supporting materials. The deadline for response having passed without any such response from defendant Joseph A. Buaiz, Jr., against whom summary judgment is sought, the government moved this court to rule on its motion for summary judgment [Doc. 38].

### I. BACKGROUND

This action involves multiple claims for federal taxes against four defendants: Joseph A. Buaiz, Jr. ("Mr. Buaiz"), Bonnie Buiaz, The Golden Light Ministry, and Merl Alan Crumpley. The United States "seeks to reduce to judgment certain Federal tax assessments against Joseph A. Buiaz, to obtain a declaration regarding the validity of Federal tax liens against the property and rights to real property owned by defendants Bonnie Buaiz, Merl Alan Crumpley, and the Golden Light Ministry, to foreclose such liens against certain real property, and to subject such real property to sale." [Compl., Doc. 1 at 1-2].

The United States and Mr. Buaiz were adversaries in a prior action. On July 24, 2006, Mr.

Buaiz initiated an action in the United States District Court for the District of Columbia (the "D.C. court"), claiming damages under 26 U.S.C. § 7433. The United States filed an answer and three counterclaims, seeking to reduce tax penalties and assessment to judgment. On November 26, 2007, the Honorable Rosemary M. Collyer, United States District Judge, granted summary judgment on the counterclaims in favor of the United States.

The United States now moves for summary judgment on Counts I and II of the instant action, which are against Mr. Buaiz solely and embody the counterclaims in the D.C. court litigation. The government argues that Mr. Buaiz is precluded by the prior judgment from defending these claims and therefore summary judgment should be granted in its favor. Mr. Buaiz did not respond.

## II. ANALYSIS

### A. Preclusion

The government seeks summary judgment on Counts I and II of the complaint, asserting that collateral estoppel, or issue preclusion, prohibits Mr. Buaiz from asserting a defense to those claims for which the government has already received a judgment in its favor.

There is often confusion both over the terms used and the substantive application of the two doctrines embodied by the general term "res judicata." "Most of the decisions use the terms 'issue preclusion' and 'claim preclusion' rather than 'collateral estoppel' and 'res judicata,' [respectively,] to avoid confusion of the use of 'res judicata' to mean the entire body of preclusion law with its narrow use as a synonym for 'claim preclusion.' " *DLX, Inc. v. Kentucky*, 381 F.3d 511, 520 n.5 (6th Cir. 2004).

> Res judicata, or claim preclusion as it is more helpfully termed, is the doctrine, simply stated, by which a final judgment on the merits in an action precludes a party from bringing a subsequent lawsuit on the same claim or cause of action or raising a new defense to defeat a prior judgment. It precludes not only relitigating a claim or cause of action previously adjudicated, it also precludes litigating a claim or defense that should have been raised, but was not, in a claim or cause of action previously

> adjudicated. This last variation was formerly known as the rule against splitting a cause of action.
>
> Collateral estoppel, or issue preclusion as it is better termed, precludes relitigation of issues of fact or law actually litigated and decided in a prior action between the same parties and necessary to the judgment, even if decided as a part of a different claim or cause of action.

*Gargallo v. Merill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660-61 (6th Cir. 1990) (inner citations removed).

Clearly claim preclusion, not issue preclusion, is the applicable doctrine of res judicata in this case, as that is the doctrine by which " a final judgment on the merits in an action precludes a party from bringing a subsequent lawsuit on the same claim or cause of action or raising a new defense to defeat a prior judgment." *Id.* at 660. Yet this doctrine does not, as the government argues, serve as a basis for the court to render summary judgment in its favor. Rather, this doctrine *prohibits* the government from reasserting Counts I and II against Mr. Buaiz.

Claim preclusion "has four elements: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privities; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Rivers v. Barberton Bd. of Educ.*, 143 F.3d 1029, 1031 (6th Cir. 1998). All of these elements are present with respect to Counts I and II.

First, there is an identity of the parties and the causes of action. Namely, in the prior litigation, the United States of America asserted three counterclaims against this very defendant, Joseph A. Buaiz, Jr., for (1) income tax, interest, and penalties for the 1993 tax year, assessed March 17, 1997; (2) income tax, interest, and penalties for the 1994 tax year, assessed March 24, 1997; and (3) various frivolous filing penalties for the tax periods 1989 through 1994, assessed in February 2005 and February 2006. [Doc. 33, Attach. #2, Exh. C, at 6-9]. Those three counterclaims are exactly identical to Counts I and II of the instant action, Count I embodying the income tax, interest,

-3-

and penalties for the 1993 and 1994 tax years (the first two counterclaims of the prior suit) and Count II embodying the frivolous filing penalties (the third counterclaim of the prior suit). [*Compare* Compl., Doc. 1 at 3-5, *with* Doc. 33, Attach. #2, Exh. C, at 6-9]. Indeed, the United States asserts that they are the very same causes of action. [Doc. 35, ¶ 2 ("The claims raised in the counterclaim filed in the District of Columbia are the same as the claims raised in Counts I and II of the instant complaint ....")]. Finally, a final adjudication on the merits of these causes of action was entered in the prior case. In a Memorandum Opinion and accompanying Order dated November 26, 2007, the Honorable Rosemary M. Collyer, United States District Judge, entered summary judgment on the counterclaims in favor of the government. *Buaiz v. United States*, 521 F. Supp. 2d 93 (D.D.C. 2007); [Doc. 33, Attachs. #3 and #4, Exhs. E and F].

In sum, the court finds that the doctrine of claim preclusion prohibits the government from relitigating the causes of action alleged in Counts I and II of the instant complaint. Both parties are bound by the judgment in the D.C. court action. Accordingly, the government's Motion for Summary Judgment is denied, and Counts I and II are dismissed as precluded by the D.C. court action.

### B. Enforcement of Judgment

The foregoing discussion does not prohibit the United States from recovering the relief it is owed and is ultimately seeking via Counts I and II of the instant action. Although the government claims to "seek[] to reduce to judgment certain Federal tax assessments against" Mr. Buaiz, [Compl., Doc. 1 at 1], these tax assessments have already been "reduced to judgment" in the government's favor by the D.C. court litigation. In essence, the government seeks to *enforce* this judgment and receive the payment to which it is due. Yet this is not to be accomplished by this court entering a

second judgment on these claims when its sister court has already decided the identical claims on the merits.[1]  Rather, the proper avenue for the government to obtain the relief it seeks lies in registering the prior judgment for *enforcement* in this district.

28 U.S.C. § 1963 dictates the procedure for registering judgments for enforcement in other federal districts.  In particular, the statute provides,

> A judgment in an action for the recovery of money or property entered in any court of appeals, district court, bankruptcy court, or in the Court of International Trade may be registered by filing a certified copy of the judgment in any other district ....  Such a judgment entered in favor of the United States may be so registered at any time after judgment is entered.  A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.

28 U.S.C. § 1963 (2006).

To obtain payment from Mr. Buaiz, which the D.C. court previously determined the United States was legally owed, the government is instructed to follow the procedures outlined in the above-cited statutory section and any applicable rules of procedure.

## III.  CONCLUSION

Because the doctrine of claim preclusion prohibits the government from reasserting the identical causes of action already adjudicated on the merits in the United States District Court for the District of Columbia, plaintiff's Motion for Summary Judgment [Doc. 33] is **DENIED**, and Counts I and II of the complaint are **DISMISSED**.  The court having rendered a decision on the motion, the government's Motion for Ruling on the Motion for Summary Judgment [Doc. 38] is **DENIED AS MOOT**.  Finally, to enforce the judgment entered in its favor in the prior litigation, the government is instructed to comply with the requirements of 28 U.S.C. § 1963.

---

[1] The court notes that the instant action was initiated on March 8, 2007, during the pendency of the D.C. court litigation and in advance of the entry of summary judgment on the counterclaims therein.  Once the D.C. court entered summary judgment in the government's favor, however, it was, as previously discussed, inappropriate for the government to move for summary judgment on these claims in the instant action.

**IT IS SO ORDERED**.

                                **ENTER:**

                                                 s/ Thomas W. Phillips
                                              United States District Judge