UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:07-cv-83 |
| | ) | (PHILLIPS/SHIRLEY) |
| JOSEPH A. BUAIZ, JR., et al, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This civil action is before the Court pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by the Order [Doc. 11] of the Honorable Thomas W. Phillips, United States District Judge, for disposition of the plaintiff's Motion to Compel [Doc. 43]. On June 25, 2008, the Court conducted a hearing on the instant motion. Assistant United States Attorney Jennifer Best ("AUSA Best") appeared on behalf of the Government. Defendants Joseph and Bonnie Buaiz (collectively, the "Defendants"), who are proceeding pro se, did not appear. After the hearing, the Court took the motion under advisement, and it is now ripe for adjudication.

The Government moves the Court to compel the Defendants to file proper responses to the Plaintiff's first set of interrogatories and first request for production documents. The Government served these requests on the Defendants on January 14, 2008. On February 12, 2008, the Defendants objected to the requests on the grounds that they had an appeal pending with the Sixth Circuit Court of Appeals. On February 21, 2008, the Government sent the Defendants a letter, stating that the the Government expected prompt responses to discovery. On March 4, 2008, the Defendants responded, stating that they intended to request a rehearing en banc before the Sixth Circuit Court of Appeals.

On April 4, 2008, the Court conducted a telephone conference with Defendant Joseph Buaiz

and AUSA Best. During the conference, Defendant Buaiz agreed to respond to the outstanding requests. The Court ordered that the Defendants respond on or before April 21, 2008. On April 23, 2008, the Government received Defendant Joseph Buaiz's responses to discovery. [Docs. 44-6, 44-7]. Soon thereafter, the Government received Defendant Bonnie Buaiz's responses. [Docs. 46-2, 46-3]. The Defendants' responses were identical. The Defendants responded to all twenty-one of the interrogatories by invoking their Fifth Amendment privilege, refusing to answer the interrogatory, or objecting on a variety of grounds, such as claiming that the interrogatories do not pose questions, that they are "grammatically incoherent," and/or they require a search for information that exceeds the scope of relevant information.

The Government contends that the Defendants' exercise of their Fifth Amendment privilege is inappropriate because this is a civil case and there are no criminal charges currently pending. [Doc. 44]. The Government moves the Court to require the Defendants to provide supplemental responses that address the requests. The Government contends that this case is fact intensive, and that the Defendants' refusal to cooperate with discovery prevents the Government from properly litigating this case. Defendants have not responded to the Government's motion, and the time for doing so has passed. E.D. Tenn. Local R. 7.1(a), 7.2.

"Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought." E.D. Tenn. Local Rule 7.2. In light of the Defendants' failure to respond to the instant motion, the Defendants are hereby deemed to have waived any opposition to the Government's motion. However, in an abundance of caution, the Court will not deem as waived the Defendants' objections under the Fifth Amendment. Thus, the Court continues with its analysis of the Defendants' invocation of their Fifth Amendment privileges.

The Fifth Amendment right against self-incrimination "can be asserted in any proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory; and it protects against any disclosures which the witness reasonably believes could be used in a criminal prosecution or could lead to other evidence that might be so used." Kastigar v. United States, 406 U.S. 441, 444-45 (1980). "In order to properly invoke the privilege, one must demonstrate real dangers of incrimination." Brennan v. Comm'r, 752 F.2d 187, 189 (6th Cir. 1984) (citing Zicarelli v. New Jersey State Comm'r of Investigation, 406 U.S. 472, 478 (1972)). The prospect of criminal prosecution must not be "merely trifling or imaginary." Marchetti v. United States, 390 U.S. 39, 58 (1968). Finally, a "blanket assertion of the privilege . . . is not sufficient . . . . The privilege must be asserted by a witness with respect to particular questions, and in each instance, the court must determine the propriety of the refusal to testify." In re Morganroth, 718 F.2d 161, 167 (6th Cir. 1983).

In United States v. Grable, 98 F.3d 251 (6th Cir. 1996), the Sixth Circuit Court of Appeals evaluated the threat of criminal prosecution from information revealed in a civil tax investigation and found it to be substantial. As in the present case, the government argued that the prospect of criminal prosecution had not been established because no charges were pending and the case had not been turned over to the Department of Justice. Id. at 255. The court disagreed and explained, "Willful failure to file an income tax return is a crime under 26 U.S.C. § 7203. Thus, the prospect of a criminal prosecution and punishment appears to [be] real and substantial, not 'merely trifling or imaginary.'" Id. The court further noted that the privilege "not only extends to answers that would in themselves support a conviction under a federal criminal statute but likewise embraces

3

those which would furnish a link in the chain of evidence needed to prosecute the claimant for a federal crime." Id. at 256 (quoting Hoffman v. United States, 341 U.S. 479, 486 (1951)).

Thus, in the present case, the Court must determine whether the Defendants have shown that individual questions will provide a link in the chain of evidence for a crime. In United States v. Hatchett, 862 F.2d 1249 (6th Cir. 1988), a case similar to the instant matter, the defendant gave incomplete answers to an interrogatory regarding transfers of property and later filed a supplemental response refusing to answer based upon his privilege against self-incrimination. Id. at 1251. Although a grand jury had already convened to consider the defendant's tax crimes, the court concluded that it was "not self-evident that every disclosure of a disposition of appellant's assets would form a link in the chain of evidence of some crime." Id. The court ordered the defendant to give question-by-question assertions explaining "how the interrogatory raises a reasonable fear of incrimination." Id.

Further, a 'blanket assertion' of the privilege against self-incrimination is not sufficient. Hatchett, 862 F.2d at 1251. The term 'blanket assertion' is not limited to the situation where the defendant makes a single response to numerous questions. For example, the defendant in Capitol Products Corp. v. Hernon,457 F.2d 541 (8th. Cir. 1972), attended his deposition but refused to answer all 105 questions that were asked of him. Id. at 542. Although there was a question-by-question refusal to answer, the court characterized the repeated assertions as a 'blanket assertion.' Id.

In the present case, the Court finds that there is a reasonable and substantial threat of criminal prosecution. While the Government is currently only seeking to enforce a civil judgment against the Defendants' and their real property, there is a substantial threat that the Government will

4

pursue criminal charges against the Defendants for their failure to file or properly complete tax returns. The Government correctly states that no criminal charges are currently pending, but notwithstanding, the Court agrees with other courts that have found a substantial threat of criminal prosecution even without Department of Justice action or grand jury investigations. See Grable, 98 F.3d at 255.

However, while the Defendants face a real threat of prosecution in the future, their blanket assertion is insufficient to invoke the privilege as to each question. An overarching invocation of the privilege is a 'blanket assertion' regardless of whether it is asserted in response to each individual question. See Capital Records, 457 F.2d at 542. Further, the substance of the 'blanket assertion' given here does not establish that each individual question calls for an answer which will be a link in the chain of evidence. See Grable, 98 F.3d at 256. The Defendants merely state that the interrogatories pertain "to the identical events and timeframes for which the United States made its allegations of criminal activity." [Doc. 44-6 at 2]. This objection does not reference any particular crime or how the expected answer would provide a link in the criminal prosecution and, therefore, is insufficient.

In conclusion, the Defendants have a substantial fear of criminal prosecution regardless of whether charges are currently pending or not, but their 'blanket assertion' of the Fifth Amendment privilege is insufficient proof that the interrogatory answers will provide a link in the chain of evidence required for prosecutions. In order to invoke their privilege, the Defendants must allege the link toward prosecution that each answer will provide. For the reasons set forth more fully above, the plaintiff's motion **[Doc. 43]** is hereby **GRANTED**.

Accordingly,

1. Defendant Bonnie Buaiz is ordered to serve written responses to the United States' written discovery requests, which either invoke her Fifth Amendment privilege against self-incrimination with sufficient specificity or supply appropriate substantive answers, on or before **December 13, 2008;** and

2. Defendant Joseph Buaiz is ordered to serve written responses to the United States' written discovery requests, which either invoke his Fifth Amendment privilege against self-incrimination with sufficient specificity or supply appropriate substantive answers, on or before **December 13, 2008.**

**IT IS SO ORDERED.**

                                        **ENTER:**

                                        <u>s/ C. Clifford Shirley, Jr.</u>
                                        United States Magistrate Judge