# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | No. 3:07-cv-83 |
| ) | (Phillips) |
| JOSEPH A. BUAIZ, JR. and BONNIE ) | |
| S. BUAIZ, *et al.*, ) | |
| ) | |
|     Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the court on pro se defendants Joseph A. Buaiz, Jr. and Bonnie Buaiz's Motion for Judgment on the Pleadings [Doc. 52], the plaintiff's response in opposition thereto [Doc. 53], and the defendants' reply [Doc. 54]. For the reasons that follow, the motion is **DENIED**.

**I. BACKGROUND**

This action involves multiple claims for federal taxes against four defendants: Joseph A. Buaiz, Jr. ("Mr. Buaiz"), Bonnie Buiaz, The Golden Light Ministry, and Merl Alan Crumpley. The United States "seeks to reduce to judgment certain Federal tax assessments against Joseph A. Buiaz, to obtain a declaration regarding the validity of Federal tax liens against the property and rights to real property owned by defendants Bonnie Buaiz, Merl Alan Crumpley, and the Golden Light Ministry, to foreclose such liens against certain real property, and to subject such real property to sale." [Compl., Doc. 1 at 1-2].

The United States and Mr. Buaiz were adversaries in a prior action. On July 24, 2006, Mr. Buaiz initiated an action in the United States District Court for the District of Columbia (the "D.C.

-1-

court"), claiming damages under 26 U.S.C. § 7433. The United States filed an answer and three counterclaims, seeking to reduce tax penalties and assessments to judgment. On November 26, 2007, the Honorable Rosemary M. Collyer, United States District Judge, granted summary judgment on the counterclaims in favor of the United States.

Previously, on March 8, 2007, the United States had initiated the instant action, during the pendency of the litigation before the D.C. court. Having obtained summary judgment in its favor in the D.C. court litigation, the United States moved this court for summary judgment with regard to Counts I and II [Doc. 33]. While this motion was pending, on June 9, 2008, defendants Mr. and Mrs. Buaiz filed the Motion for Judgment on the Pleadings currently before the court. In a Memorandum and Order filed on September 18, 2008, [Doc. 57], this court denied the United States's Motion for Summary Judgment as barred by the doctrine of claim preclusion and sua sponte dismissed Counts I and II of the complaint. The court now rules on the pending Motion for Judgment on the Pleadings.

**II.  STANDARD OF REVIEW**

The Sixth Circuit recently stated the standard of review for a motion for judgment on the pleadings under Rule 12(c) as follows:

> "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (internal citation and quotation marks omitted). A motion brought pursuant to Rule 12(c) is appropriate granted "when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Id.* at 582 (internal citation and quotation marks omitted).

*Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008) (quotation removed).

## III. ANALYSIS

### A. Counts I and II

Defendants argue that Counts I and II are barred by the doctrines of res judicata and collateral estoppel. In its Memorandum and Order filed on September 18, 2008 [Doc. 57], this court ruled that the doctrine of res judicata, or claim preclusion, served to prohibit the government from relitigating the causes of action alleged in Counts I and II of the complaint. [*Id.* at 2-4]. Accordingly the court dismissed Counts I and II of the complaint. [*Id.* at 5]. These claims having been previously dismissed, defendants' motion is **DENIED AS MOOT** with regard to Counts I and II.

### B. Count III

Defendants allege that Count III "suffers from many infirmities," including the failure to plead with particularity under Rule 9(b) of the Federal Rules of Civil Procedure, the failure to plead within the time allowed under the statute of limitations, and the inclusion of Golden Light Ministry, a defunct corporation, as a defendant. Defendants allege that these are fatal flaws to plaintiff's case, requiring dismissal of the action. The court will address each argument in turn.

#### 1. *Rule 9(b) Particularity*

Defendants argue that as the allegations in Count III regard fraudulent conveyances, they are subject to Rule 9(b) of the Federal Rules of Civil Procedure, which requires allegations of fraud or mistake to be stated with particularity. Fed. R. Civ. P. 9(b). The government responds that the issue of whether claims under the Uniform Fraudulent Transfer Act are subject to the requirements of Rule 9(b) has not been decided in Tennessee and therefore Rule 9(b) does not apply; in the event that the court finds Rule 9(b) does apply, the government alternatively requests that the court grant

-3-

it leave to amend its complaint.

As an initial matter, the court notes that Tennessee's Uniform Fraudulent Transfers Act ("UFTA") is implicated with regard to the fraudulent conveyances alleged in Count III, as state law determines "the nature and extent of the individual's property rights, but federal law determines the consequences of those rights" for failure to pay federal taxes. *United States v. Isaac*, No. 91-5830, 1992 WL 159795, at **2 (6th Cir. July 10, 1992) (per curiam). While the Sixth Circuit has not ruled on Tennessee's enactment of the Uniform Fraudulent Transfers Act, it appears that Rule 9(b) would apply, as the Sixth Circuit has previously subjected Ohio's enactment of the UFTA, which is identical to Tennessee's enactment, *compare* Ohio Rev. Code Ann. § 1336.04 *with* Tenn. Code Ann. § 66-3-305, to this heightened pleading standard. *See, e.g.*, *Nw. Nat'l Ins. Co. of Milwaukee, Wisc. v. Joslyn*, Nos. 93-4266/93-4295/93-4332, 1995 U.S. App. LEXIS 10499, at *9 (6th Cir. May 8, 1995) (claim under Ohio version of UFTA must be pleaded with particularity under Rule 9(b)). Accordingly the court will apply Rule 9(b) to Count III.

The Sixth Circuit recently reiterated that "Rule 9(b) should be interpreted in harmony with Rule 8's statement that a complaint must only provide a short and plain statement of the claim made by simple, concise, and direct allegations." *United States ex rel. Snapp, Inc. v. Ford Motor Co.*, 532 F.3d 496, 503 (6th Cir. 2008) (quotations removed). Because of the interplay with Rule 8 and the informal nature of notice pleading, "a complaint need not provide an exhaustive roadmap of a plaintiff's claims, but it must be sufficient to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Id.* (quoting *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007)). Accordingly, Rule 9(b) requires a plaintiff to "allege the time, place, and content of the alleged misrepresentation ... the fraudulent scheme; the fraudulent intent of the defendants; and the

-4-

injury resulting from the fraud." *Id.* at 504 (quoting *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 501 F.3d 493, 504 (6th Cir. 2007).

The court finds that plaintiff's Complaint for Internal Revenue Taxes [Doc. 1] does not meet the standards required by Rule 9(b). Instead of alleging the time, place, and content of the conveyances, as well as the nature of the fraudulent scheme, the United States has merely alleged that Bonnie Buaiz acquired title to the two parcels of property on February 3, 1995 and on April 1, 1996, respectively; that she conveyed both parcels to Golden Light Ministry on or about September 12, 2003; and that Golden Light Ministry in turn conveyed the property to Bonnie Buaiz and Merl Alan Crumpley on or about February 27, 2004. [Doc. 1 at 6-8]. The court finds that the conclusory allegations pleaded, such as the various parties being conveyed the property "as a means to hinder, delay, or defeat the Internal Revenue Service from collecting his tax liability, or at a time when Joseph Buaiz was insolvent or the conveyance rendered him insolvent," [*id.* at 7], do not establish with sufficient particularity the time, place, and content of the conveyancesand, more importantly, the fraudulent nature of the scheme.

The court agrees with plaintiff, however, that the appropriate remedy is not dismissal of the action. While plaintiff has argued that Rule 9(b) does not apply, plaintiff has alternatively moved for leave to file an amended complaint in the event the court finds that Rule 9(b) does apply. The decision whether to grant a leave to file an amended complaint is within the court's discretion, *Snapp*, 532 F.3d at 508, and this court finds that such leave should be granted. Accordingly, within twenty days of entry of this order, the United States shall file an amended complaint stating the grounds for Count III with particularity as required by Rule 9 of the Federal Rules of Civil Procedure.

### *2. Statute of Limitations*

Defendants argue that the government's claims are barred by the relevant Tennessee statute of limitations. The government responds that the United States is not bound by state statutes of limitation.

First, the court notes that defendants have waived any arguments regarding applicable statutes of limitations, as they did not raise this affirmative defense in their first responsive pleading. Fed. R. Civ. P. 8(c) ("In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, including ... statute of limitations."); *see also, e.g.*, *Haskiell v. Washington Twp.*, 864 F.2d 1266, 1273 (6th Cir. 1988) ("Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, a defense based upon a statute of limitations is waived if not raised in the first responsive pleading."). As defendants have already filed a responsive pleading, [Doc. 12; *see also* Doc. 13 (joining defendant Bonnie Buaiz in defendant Joseph A. Buaiz, Jr.'s Motion to Dismiss], without raising a statute of limitations defense, they have waived it.

Even had defendants not waived any defense with regard to any applicable statutes of limitations, the court finds that defendants' arguments are without merit. The government cites *United States v. Summerlin*, 310 U.S. 414 (1940) in support of its argument that it is not bound by the state statute of limitations. In *Summerlin*, the Supreme Court declared it "well-settled that the United States is not bound by state statutes of limitations ... in enforcing its rights. The same rule applies whether the United States brings its suit in its own courts or in a state court." *Id.* at 416 (inner citations omitted). The Court noted that "[w]hen the United States becomes entitled to a claim, *acting in its governmental capacity and asserts its claim in that right*, it cannot be deemed to have abdicated its governmental authority so as to become subject to a state statute putting a time

limit upon enforcement." *Id.* at 417 (emphasis added). In a subsequent case, the Supreme Court clarified that such an exemption from state statutes of limitations only applies when the government is acting in its sovereign capacity, and not in another capacity (such as a proprietary capacity). *United States v. California*, 507 U.S. 746, 757 (1993); *see also United States v. Peoples Household Furnishings, Inc.*, 75 F.3d 252, 255 (6th Cir. 1996) (applying *Summerlin* and exempting the case from the state statute of limitations where the United States was acting in its sovereign capacity).

The court finds that the *Summerlin* doctrine would apply in the instant case, as the United States is acting in its sovereign capacity with regard to internal revenue. Moreover, the Sixth Circuit has applied *Summerlin* in an almost factually identical case. In *United States v. Isaac*, the United States, having assessed deficiencies in tax returns, initiated an action "to reduce to judgment the tax assessment against Taxpayers and to set aside, as a fraudulent conveyance, their transfer of property." *United States v. Isaac*, No. 91-5830, 1992 WL 159795, at **2 (6th Cir. July 10, 1992) (per curiam). The taxpayers argued that the government's suit was untimely under the Internal Revenue Code and that the government's claim to set aside the conveyance as fraudulent was barred by Kentucky law. The Sixth Circuit dismissed these arguments, noting that under *Summerlin*, "[t]he United States, as sovereign, is not bound by state statutes of limitations, except where it has expressly bound itself to them." *Id.*(inner citation removed). Moreover,

> [t]he United States does not bind itself to a state statute of limitations simply because it looks to the state's fraudulent conveyance law when applying I.R.C. § 7403 (1988) [codified at 26 U.S.C. § 7403 (2006)]. Whenever courts apply federal revenue law, state law is controlling as to the nature and extent of the individual's property rights, but federal law determines the consequences of those rights. Thus, state law determines what constitutes a fraudulent conveyance, but federal law determines the timeliness of the action. Accordingly, the United States is not bound by the Kentucky statute of limitations.

*Id.* (inner citations removed).

-7-

The court therefore finds that defendants' argument that the instant action is time barred is not only waived but indeed is without merit. First, as the United States is seeking to collect on tax deficiencies, it is clearly operating in its sovereign capacity and is therefore not bound by state statutes of limitations under *Summerlin* and its progeny. Moreover, as the Sixth Circuit clarified, suits under 26 U.S.C. § 7403 may look to state law to determine what constitutes a fraudulent conveyance, but federal law determines whether the action is timely.

Nor may the court consider any other statute of limitations. As noted above, defendants have waived this affirmative defense by failing to raise it, and "[s]ince it is a waivable defense, it ordinarily is error for a district court to raise the issue *sua sponte*." *Haskell v. Washington Twp.*, 864 F.2d 1266, 1273 (6th Cir. 1988).

Accordingly, defendants' motion is denied on this basis.

### 3. *Evidence*

Defendants argue that plaintiff's documentary evidence "proves conclusively that the Nevada Corporation Plaintiff named as a Defendant was defunct prior to the date on which Plaintiff made and executed a nominee lien against it. Said "evidence" also proves conclusively that the subject corporation was defunct prior to Plaintiff filing suit." [Doc. 52 at 9]. The referenced evidence demonstrates that defendant Golden Light Ministry's business entity status was revoked on November 1, 2006. [Doc. 25, Exh. #1]. Plaintiff argues that the defunct status of the corporation renders plaintiff's lien against the corporation inherently worthless and unenforceable.

The court need not address this argument, as the Motion for Judgment on the Pleadings was filed solely on behalf of defendants Joseph A. Buaiz, Jr. and Bonnie Buaiz. These pro se defendants cannot argue on behalf of the company, not only because the motion was not filed on the

-8-

corporation's behalf but most importantly because individual defendants cannot represent a corporation. *E.g.*, *Harris v. Akron Dep't of Pub. Health*, 10 F. App'x 316, 319 (6th Cir. 2001) ("Mauro may not proceed on behalf of Urban Imperial Building and Rental Corporation, as a corporation must be represented in court *by an attorney* and may not be represented by an officer." (emphasis added)); *Doherty v. Am. Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1970) ("The rule of this circuit is that a corporation cannot appear in federal court except through an attorney."). Accordingly, defendants' motion is denied with regard to this basis.

### C. Amount in Controversy

Finally, defendants argue that the action must be dismissed for failing to plead an amount in controversy in excess of $75,000 as required by 28 U.S.C. § 1332. Plaintiff responds that diversity of citizenship is not the basis of this court's jurisdiction, and therefore there is no minimum amount in controversy that must be established.

The government brought suit pursuant to 28 U.S.C. §§ 1340 and 1345. Section 1340 authorizes this court's "original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue." 28 U.S.C. § 1340 (2006). The United States initiated suit pursuant to various sections of the Internal Revenue Code. 28 U.S.C. § 1345 provides an alternative or an additional basis for jurisdiction, under which this court has jurisdiction of "all civil actions, suits or proceedings commenced by the United States." *Id.* § 1345.

Accordingly the court finds that this court's jurisdiction does not arise under 28 U.S.C. § 1332, and in any event that section does not, by its terms, apply to the instant case. Therefore the minimum amount in controversy required by that section is inapplicable. Moreover, the multiple bases for this court's jurisdiction do not require a minimum amount in controversy. The court

therefore finds defendants' arguments to be without merit, and the motion is denied with regard thereto.

## IV. CONCLUSION

For the foregoing reasons, defendants Joseph A. Buaiz, Jr. and Bonnie S. Buaiz's Motion for Judgment on the Pleadings [Doc. 52] is **DENIED**.

**IT IS SO ORDERED**.

**ENTER:**

s/ Thomas W. Phillips
United States District Judge