**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | No. 3:07-CV-83 |
| ) | (Phillips) |
| JOSEPH A. BUAIZ., ET AL., ) | |
|     Defendants. ) | |

## MEMORANDUM AND ORDER

Presently pending before this Court is defendant's motion to dismiss the amended complaint [Doc. 62]. Defendants seek dismissal on the following grounds: (1) this Court lacks subject matter jurisdiction over the action; (2) the record indicates insufficiency of service of process regarding a named defendant; (3) plaintiff has failed to state a claim upon which this Court can grant relief; and (4) plaintiff has failed to join an en-dispensable party. The government has responded in opposition [Doc. 63].

On June 9, 2008, defendants filed a motion for judgment on the pleadings in this case, and on December 11, 2008, this Court entered an Order denying the motion but directing the government to amend its complaint to state the grounds for its claims with particularity pursuant to Rule 9(b), Federal Rules of Civil Procedure [Doc. 60]. On December 18, 2008, the government amended its complaint to state with particularity its claims against the defendants. After review of the government's amended complaint, it is

the conclusion of the Court that plaintiff has sufficiently stated its claims against the defendants in accordance with Rule 9(b), Federal Rules of Civil Procedure. The claims are stated with sufficient particularity to inform the defendants of the claims asserted against them by the plaintiff which will allow the defendants to defend these claims asserted by the government.

In similar vein, the Court has already considered whether it has jurisdiction over the complaint, as amended, under 28 U.S.C. § 1340, 1345; 26 U.S.C. § 7402, 7403 [Doc. 19]. Moreover, this case is not barred by the doctrine of claim preclusion, nor is it barred by an applicable state or federal statute of limitations. Last of all, this Court does have jurisdiction over the Golden Light Ministry. This assertion has already been adjudicated by the Court after a hearing on this issue on November 13, 2007 [Docs. 12, 25, 27]. At the hearing, the government presented evidence that the Golden Light Ministry is a Nevada non-profit corporation sole and the only officer of record of the Golden Light Ministry was Joseph Anthony Buaiz, Jr. with an address of 1795 Rocky Springs Road, Bean Station, TN 37708. While Joseph Buaiz resigned as officer of the Golden Light Ministry on July 16, 2007, this was four months after the instant suit was filed and two months after he was served with a summons and complaint as an officer of the Golden Light Ministry. Accordingly, service of the summons and complaint on the Golden Light Ministry by personal service on its officer Joseph Buaiz at 1795 Rocky Springs Road, Bean Station, Tennessee was proper, and the requirements of Rule 4, Federal Rules of Civil Procedure, were satisfied in this case. Consequently, this Court has jurisdiction over the Golden Light Ministry.

For all of these reasons, defendant's motion to dismiss the amended complaint [Doc. 62] is **DENIED.**

**ENTER:**

  s/ Thomas W. Phillips  
United States District Judge