IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:07-cv-83 |
| ) | |
| JOSEPH A. BUAIZ JR., et al., ) | |
| ) | |
| Defendants. ) | |

### ORDER OF SALE

THIS CAUSE comes before the court on the United States' motion for order of sale. The Court entered an order on August 16, 2011, authorizing the United States to sell the real property at issue in this case in a foreclosure sale.

ACCORDINGLY, the Court now ORDERS that the real property commonly known as 1795 Rocky Springs Road, Bean Station, Tennessee, which is more fully described below, shall be sold under 28 U.S.C. §§ 2001 and 2002. The sale shall be conducted as follows:

1. The United States Marshal shall sell the property commonly known as 1795 Rocky Springs Road, Bean Station, Tennessee, which is more fully described below:

> SITUATED in the Second Civil District of Grainger County, Tennessee, and BEING Map 23   Group   Parcel 1.07 (portion)
>
> BEING situated off Rocky Springs Road, and being more particularly described as follows:

1

BEGINNING at a nail and cap in the centerline of Rocky Springs Road, said point bearing N. 79.02 E. 269.48 feet from a southeast corner of the TVA property; thence with the centerline of Rocky Springs Road, N. 79.02 E. 150.0 feet to a nail and cap for corner; thence S. 8.14 E. Passing an iron pin in the south right of way line of Rocky Springs Road at 25.03 feet, a total distance of 200.0 feet to an iron pin for corner; thence S. 79.02 W. 150.0 feet to an iron pin for corner; thence N. 8.14 W. Passing an iron pin in the south right of way line of Rocky Springs Road at 174.97 feet, a total distance of 200.0 feet to the point of BEGINNING and containing 0.688 acres of land, more or less.

BEING a portion of the property conveyed to Knox K. Samsel by deed of record in Book 149, page 273, of the Register's Office for Grainger County, Tennessee.

and

SITUATED in the Second Civil District of Grainger County, Tennessee, and BEING Map 23   Group   Parcel 1.07 (portion)

BEING situated off Rocky Springs Road + 11,181' west of Hwy. 25W, and being more particularly described as follows:

BEGINNING at a nail and cap for corner with Margaret Lecklen in the centerline of Rocky Springs Road; thence with the Lecklen line, S. 8.14 E. 400.0' to a point for corner in the said Lecklen line and the southeast corner of the remaining portion of Albert Samsel, Jr. Tract; thence with the Samsel line, S. 79.02 W. 147.59' to a point for corner; thence n. 12.31 W. 199.84' to an iron pin for corner with Boatman; thence N. 79.02 E. 150.0' to an old iron pin for corner; thence N. 8.14 W. 200.0' to a point in the centerline of Rocky Springs Road; thence with the centerline of Rocky Springs Road, N. 79.02 E. 12.51' to the point of BEGINNING and containing 0.768 acres of land, more or less, according to survey of Don H. Olive, RLS #915, dated 3-8-96.

BEING a portion of the property conveyed to Albert C. Samsel by deed of record in Book 166, page 686, of the Register's Office for Grainger County, Tennessee.

2. The terms and conditions of the sale are as follows:

    a. The sale of the property shall be free and clear of the interests of all parties in the suit.

    b. The sale shall be subject to building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the property, and easements and restrictions of record, if any.

    c. The sale shall be held either at the courthouse of the county or city in which the property is located or on the property's premises.

    d. The Marshal shall announce the date and time for sale.

    e. Notice of the sale shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in Grainger County, and, at the discretion of the Marshal, by any other notice that the Marshal deems appropriate. The notice shall contain a description of the property and shall contain the terms and conditions of sale in this order of sale.

    f. The Marshal shall set the minimum bid. If the minimum bid is not met or exceeded, the Marshal may, without further permission of this Court, and under the terms and conditions in this order of sale, hold a new public sale, if necessary, and reduce the minimum bid.

    g. At the time of the sale, the successful bidder(s) shall deposit with the Marshal, by money order or by certified or cashier's check payable to the Clerk of the United States District Court for the District of Tennessee, a deposit in an amount

between 5% and 20% of the minimum bid as specified by the Marshal in the published Notice of Sale. Before being permitted to bid at the sale, potential bidders shall display to the Marshal proof that they are able to comply with this requirement. No bid will be accepted from any person who has not presented proof that, if he is the successful bidder, he can make the deposit required by this order of sale.

    h.  The successful bidder shall pay the balance of the purchase price for the property within sixty days following the date of the sale by certified or cashier's check payable to the United States District Court for the District of Tennessee. This check shall be given to the Marshal who will deposit the funds with the Clerk of this Court. If the bidder fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, with any amount remaining to be applied to the liabilities of Joseph Buaiz, Jr., at issue herein. The Clerk shall distribute the deposit as directed by the Marshal to cover the expenses of the sale, and then the Clerk shall distribute the remainder of the deposit by check made to the "United States Treasury." The property shall be again offered for sale under the terms and conditions of this order of sale or, in the alternative, sold to the second highest bidder.

    i.  The Clerk of the District Court is directed to accept the proceeds of the sale and deposit them into the Court's registry for distribution pursuant to further Order of this Court.

    j.  Once the successful bidder has paid the full purchase price, the Marshal shall promptly prepare and file a report of the sale. The report shall state the total purchase price, the costs of the sale, and the amount of real property taxes and

4

Case 3:07-cv-00083   Document 95   Filed 09/08/11   Page 4 of 9   PageID #: 645

other local assessments against the property then due and owing. The Marshal shall file such report within thirty days of the date he receives the full purchase price from the successful bidder.

      k.    The sale of the property shall be subject to confirmation by this Court. On confirmation of the sale, the Marshal shall execute and deliver a Marshal's deed conveying the property to the purchaser. On confirmation of the sale, all interests in, liens against, or claims to, the property that are held or asserted by any party to this action are discharged and extinguished.

      l.    When this Court confirms the sale, the Recording Official of Grainger County, Tennessee, shall cause transfer of the property to be reflected upon that county's register of title. The successful bidder at the sale shall pay, in addition to the amount of the bid, any documentary stamps and Clerk's registry fees as provided by law.

      m.    The sale of the Property is ordered pursuant to 28 U.S.C. § 2001, and is made without right of redemption.

3.    Until the property is sold, Joseph Buaiz, Jr., shall take all reasonable steps necessary to preserve the property (including all buildings, improvements, fixtures and appurtenances on the property) in its current condition. He shall neither commit waste against the property nor cause or permit anyone else to do so.

4.    All persons occupying the property shall vacate the property permanently within thirty days of the date of this Order, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the

property). If any person fails or refuses to vacate the property by the date specified in this Order, the Marshal shall take all actions that are reasonably necessary to eject such persons. Any personal property remaining on the property thirty days after the date of this Order is deemed forfeited and abandoned, and the Marshal shall dispose of it in any manner he sees fit, including sale, in which case the proceeds of the sale are to be applied first to the expenses of sale and the balance to be paid into the registry of the Court for further distribution. Checks for the purchase of the personal property shall be made out to the Clerk of the United States District Court for the Eastern District of Tennessee, and the Clerk is directed to accept these checks and deposit them into the Court's registry for distribution pursuant to further Order of this Court.

5. No later than two business days after vacating the property pursuant to the deadline set forth in paragraph 4 above, Joseph Buaiz, Jr., shall notify counsel for the United States of a forwarding address where he can be reached.

6. Pursuant to the Court's Orders of September 23, 2010, and August 16, 2011, in this case, the United States has an interest in the property on account of unpaid tax liabilities of Joseph Buaiz, Jr., for tax years 1993 and 1994 in the amount of $38,574.59 as of September 30, 2011, plus statutory interest and additions accruing thereafter until paid. Additionally, the United States has an interest in the property on account of unpaid tax penalties of Joseph Buaiz, Jr., for tax years 1989 through 1994 in the amount of $8,539.30 as of September 30, 2011, plus statutory interest and additions accruing thereafter until paid.

7.     Pending the sale of the property and until the deed to the property is delivered to the successful bidder, the Marshal is authorized to have free access to the premises in order to take any and all actions necessary to preserve the property, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the property.

8.     After the Court confirms the sale, the sale proceeds deposited with the Clerk of this Court shall be applied to the following items, in the order specified:

   a.   First, to the United States Treasury for the expenses of the sale, including any expenses incurred to secure or maintain the property pending sale and confirmation by the Court;

   b.   Second to Grainger County, or other local taxing authority, for real property taxes and other local assessments due and owing;

   c.   Third, to the plaintiff United States of America for application to the unpaid federal tax assessments made against the defendant Joseph Buaiz, Jr., for the unpaid tax liabilities for 1993 and 1994, including all accrued statutory penalties, additions, and interest, until fully paid; and

   e.   Fourth, any further remaining sale proceeds shall remain on deposit in this Court's registry pending distribution to the parties identified in this Court's order of August 16, 2011, as having an interest in the property; provided, however, that no remaining sale proceeds may be distributed to Joseph Buaiz, Jr., before the unpaid federal tax penalties described in paragraph 6, above, are first satisfied.

7

9. Any party identified in the Court's order of August 16, 2011, who wishes to share in the distribution of any remaining sale proceeds shall file a motion for distribution of such remaining sale proceeds. Any such motion shall state that party's interest in the property and shall state specifically whether Joseph Buaiz III and Bethany Buaiz have disclaimed their interests in the property. Any such motion shall be filed within sixty days of the date of this order. Any party who does not file such a motion within sixty days of the date of this Order shall not be entitled to a distribution of any remaining sale proceeds, and that party's share of the remaining proceeds shall be distributed to any parties who have filed motions for distribution according to such parties' respective interests. In the event Joseph Buaiz, Jr., files a motion for distribution of his share of remaining sale proceeds, such share shall be distributed first to the United States on account of the unpaid federal tax penalties of Joseph Buaiz, Jr., for 1989 through 1994, and after those penalties are fully satisfied, the remainder of such share shall be distributed to Joseph Buaiz, Jr. In the event there are remaining sale proceeds and no party files a motion for distribution, such remaining sale proceeds shall be distributed first to the United States on account of the unpaid federal tax penalties of Joseph Buaiz, Jr., for 1989 through 1994, and then to Merl Alan Crumpley.

//
//
//
//

//

DONE and ORDERED, in chambers at Knoxville, Tennessee, this __8th__ day of __SEPT__, 2011.

*Thomas H. Phillips*
_____
HONORABLE THOMAS W. PHILLIPS
United States District Judge

9